**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TODD C. YASUDA,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant - Appellee.

No. 10-17611

D.C. No. 2:09-cv-01541-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted February 15, 2012
San Francisco, California

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

The ALJ's adverse credibility determination was supported by substantial

evidence in the record, including reports that Yasuda's condition had improved

with medication and descriptions of activities of daily living indicating reasonable

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

functioning on a daily basis. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ did not err in relying on Dr. Fair's and Dr. Gallucci's translations of Yasuda's limitations (including the moderate limitations in areas of sustained concentration and persistence identified by Dr. House) into concrete work restrictions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Therefore, the ALJ did not err in determining that Yasuda had the residual functional capacity to perform "simple, unskilled work," nor was this determination inconsistent with Dr. House's findings. *See id.* Program Operations Manual System Section DI 25020.010 is not to the contrary, as it provides guidance with respect to more extensive limitations than those identified by the relevant medical evidence.

**AFFIRMED.**

*Yasuda v. Commissioner*, NO. 10-17611
THOMAS, Circuit Judge, dissenting:

I respectfully dissent.  The ALJ's residual functional capacity assessment limiting Yasuda to simple, unskilled work and occasional, superficial contact with colleagues does not capture all of his moderate limitations and work restrictions as identified by Dr. House.  Specifically, the assessment did not take into consideration Dr. House's limitations relating to Yasuda's difficulty: (1) maintaining regular attendance with punctuality; (2) performing activities within a schedule; (3) sustaining an ordinary routine without special supervision; (4) working in coordination or proximity to others without being distracted by them; or (5) completing a normal workday and workweek without interruptions from psychological symptoms.

These limitations were not included in the residual functional capacity assessment or in the hypothetical posed by the ALJ to the vocational expert.  A vocational expert's testimony constitutes substantial evidence only if the hypothetical question posed considers "all of the claimant's limitations."  *Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1995).  Because the hypothetical question was flawed, reversal is required.

An ALJ's summarized assessment of a claimant may adequately capture

-1-

restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). However, *Stubbs* does not stand for the proposition that all moderate psychological limitations can always be conflated by the ALJ into descriptive phrases. Indeed, the ALJ's description in *Stubbs* contained far more restrictive language, even though the applicant in that case had far fewer limitations than Yasuda. Here, the reference to "simple, unskilled work" simply did not capture the work limitations imposed by Dr. House.

Therefore, I would reverse and remand.